UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. 25-cv-06071-MWF (PVCx) | Date: September 16, 2025 |
| Title: Ventura Rental Party Center, Inc. v. Ford Motor Company et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12]

Before the Court is Plaintiff Ventura Rental Party Center, Inc.'s Motion to Remand (the "Motion"), filed August 4, 2025. (Docket No. 12). Defendant Ford Motor Company filed an Opposition on August 25, 2025. (Docket No. 15). Plaintiff filed a Reply on August 29, 2025. (Docket No. 17).

The Court has read and considered the Motion and held a hearing on September 15, 2025.

The Motion is **DENIED**. Defendants' damages calculations are not speculative.

## I.   BACKGROUND

On December 27, 2020, Plaintiff purchased a 2020 Ford F-250 (the "Vehicle"). (First Amended Complaint ("FAC") (Docket No. 1-2) ¶ 5). In connection with the purchase, Plaintiff received various warranties. (*Id.* ¶ 8).

Following the purchase, Plaintiff alleges that a defect manifested with the transmission. (*Id.* ¶ 13). Plaintiff delivered the Vehicle to Defendant's authorized service and repair facilities for diagnosis and repair of the defects, but Plaintiff alleges that Defendant failed to service or repair the Vehicle in conformance with the express warranties provided to Plaintiff. (*Id.* ¶ 12). While the FAC contains additional allegations, they are not necessary to recount for purposes of this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 25-cv-06071-MWF (PVCx)          Date: September 16, 2025

Title:     Ventura Rental Party Center, Inc. v. Ford Motor Company et al.

       Based on Plaintiff's allegations, Plaintiff asserts violations of the Song-Beverly Consumer Warranty Act ("SBA") for breach of implied warranty of merchantability and breach of express warranty; in addition to (3) fraudulent concealment; and (4) violation of the Consumers Legal Remedies Act,

       Plaintiff commenced this action in Los Angeles County Superior Court on March 7, 2025. (Notice of Removal ("NOR") (Docket No. 1) at 1). On July 3, 2025, Defendant Ford Motor Company removed this action on the basis of diversity jurisdiction. (*See* NOR at 1). Plaintiff filed the Motion on August 4, 2025.

## II.     LEGAL STANDARD

       In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

## III.     DISCUSSION

       Plaintiff challenges Defendant's removal both on procedural and substantive grounds. The Court will consider each in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  25-cv-06071-MWF (PVCx)                    Date:  September 16, 2025
Title:     Ventura Rental Party Center, Inc. v. Ford Motor Company et al.

### A.  Whether Removal was Timely

Plaintiff first argues that the removal was procedurally improper because Defendant did not timely remove the action.  (Motion at 3-4).

Under § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal.

Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694.  The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).  In adopting the "unequivocally clear and certain" standard, the Ninth Circuit sought to, among other things, "bring certainty and predictability to the process of removals," "avoid gamesmanship in pleading," "guard[] against premature and protective removals," and ensure "that removal occurs once the jurisdictional facts supporting removal are evident[.]" *Id.* at 1094.

Plaintiff argues that its citizenship was clear from the face of the Complaint and that Defendant had the requisite information in its own records to determine removability.  (Motion at 3-4).  The Court agrees that Plaintiff's citizenship was clear from the Complaint, but disagrees with Plaintiff's argument that Defendant had any duty to make further inquiry of its own records to ascertain the amount in controversy.  Indeed, the Ninth Circuit held in *Harris* that a defendant is not obligated to "make further inquiry," or in other words, to investigate facts outside of the complaint to determine removability.  *See Harris*, 425 F.3d at 694.

Further, Defendant argues in its Opposition that it removed within 30 days after receiving the statutory disclosures, which in turn contained the information necessary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** 25-cv-06071-MWF (PVCx)            **Date:** September 16, 2025
**Title:** Ventura Rental Party Center, Inc. v. Ford Motor Company et al.

to determine amount in controversy. (Opp. at 7-8). Accordingly, Defendant's removal was timely.

### B. Whether Amount in Controversy is Speculative

Plaintiff next argues that the removal was substantively improper because the amount in controversy remains speculative. (Motion at 7-8).

When it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (internal citations and quotation marks omitted). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original).

As an initial matter, the parties argue about whether the Court should take into account civil penalties when assessing the amount in controversy. This Court has previously held that civil penalties should be included when assessing the amount in controversy under SBA claims, and Plaintiff's arguments to the contrary do not persuade the Court to Plaintiff's view. *See, e.g., Guaschino v. Hyundai Motor America*, 2023 WL 5207462, *4 (C.D. Cal. Aug. 10, 2023). Moreover, Defendant has demonstrated that Plaintiff repeatedly alleges in its Complaint that Defendant's actions were willful. (Opp. at 14). Assuming, as the Court must, that the allegations of the complaint will be proven, Plaintiff would be entitled to civil penalties if it prevailed on its claims. Therefore, civil penalties may be included in the Defendant's amount in controversy calculation.

Next, Plaintiff argues that actual damages may not be calculated with certainty at this stage because any damages must be offset by amounts accounting for prior use and Plaintiff's actual payment to the seller. (Motion at 7). Notably, Plaintiff does not offer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** 25-cv-06071-MWF (PVCx)          **Date:** September 16, 2025
**Title:**     Ventura Rental Party Center, Inc. v. Ford Motor Company et al.

evidence or calculations to show that the amount in controversy is not met due to these offsets, nor does Plaintiff offer evidence to demonstrate that the amount is not ascertainable for some reason. By contrast, Defendant's Opposition contains convincing calculations to rebut Plaintiff's assertion that actual damages cannot be estimated. (Opp. at 13-14). Defendant even accounts for different mileage offsets based on different dates of first repair, and provides additional calculations based on both the total sales price and total cash price. (*Id.*). In any of these scenarios, Defendant demonstrates that the actual damages, coupled with civil penalties, meets the amount in controversy threshold. (*Id.*).

       Accordingly, Defendant has demonstrated that damages are not speculative and the amount in controversy requirement is met. The Court need not reach the question of attorney's fees.

       Plaintiff offers two additional arguments beyond its procedural and substantive challenges to removal. First, Plaintiff argues that Defendant's removal represents improper forum shopping because Defendant removed following an unfavorable ruling in state court. (Motion at 4-5). This argument is inapposite to the question of remand, given that Defendant timely removed and the amount in controversy is not speculative. Second, Plaintiff argues that principles of comity should dictate remand in this case. (*Id.* at 9-12). But, as Defendant argues, diversity jurisdiction is not discretionary. *See Sorosky v. Borroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) ("[A] district court does not have discretion to refuse jurisdiction over state claims in a diversity case."). The Court thus agrees with the other courts in this District that have considered comity arguments with respect to SBA cases and have rejected them. *See Gonzalez v. FCA US LLC,* EDCV 19-967 PSG, 2020 WL 1444941, *3 (C.D. Cal. Mar. 4, 2020).

       For the reasons set forth above, the Motion to Remand is **DENIED.**

       IT IS SO ORDERED.